**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Kim Bankhead, | : | Case No. 1:08CV2484 |
| | : | |
| Plaintiff | : | Judge James S. Gwin |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Village of Newburgh Heights, et al., | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| Defendants | : | |

On December 4, 2009 "Defendants', Patrolman Bob Hoover, Patrolman, Joseph Szelenyi And Auxiliary Officer Chris Minek, Motion To Quash Subpoenas Regarding Defendant patrolman Bob Hoover's Personnel Records" (Doc. #48) was filed.[1] The motion identified the subpoenas in question as having been directed to the Wakeman Police Department, the Northeast Ohio Regional Sewer District and the Cleveland Clinic, seeking production of each of those institutions' personnel files regarding Patrolman Hoover.

On November 30th the Cleveland Clinic filed a "Motion to Quash And/Or Modify Subpoena And For A Protective Order" (Doc. #40) and on December 4th plaintiff filed an opposition to the motion[2] to quash. In her pleading the plaintiff articulated the reasoning underlying the subpoenas as follows:

---

[1] Why the defendants other than Patrolman Hoover were named as movants is a mystery to this Court.

[2] Neither the Wakeman Police Department nor the Northeast Ohio Regional Sewer District filed any motion.

Discovery revealed that Defendant Hoover previously was employed by the Wakeman Police Department, Northeast Ohio Regional Sewer District and had applied for employment with the Cleveland Clinic as a Police Officer. Accordingly, subpoenas were issued for the personnel files of Defendant Hoover from his prior employment. Clearly, Defendants' [sic] employment history and personnel files are relevant to this case. Defendants' [sic] prior law enforcement training, experience, and prior disciplinary actions and/or terminations are clearly relevant to the allegations and causes of action contained in Plaintiff's Complaint.

\* \* \*

Plaintiff has received responses to the subpoenas issued upon the Cleveland Clinic and Wakeman Police Department. However, one page was redacted from the Cleveland Clinic records allegedly because it contains privileged and private health information. (See Exhibits 1 and 2 attached hereto.) While Plaintiff is not interested in receiving private health information regarding Defendant's physical health, Plaintiff is entitled to any information regarding Defendant's psychological health and/or treatment (i.e. mental fitness to perform the duties of a police officer). Accordingly, Plaintiff requests an *in camera* inspection of the one page redacted from the Wakeman Police Department records and the one page redacted from the Cleveland Clinic records to determine whether such records contain information relevant to allegations contained in Plaintiff's Complaint. Otherwise, Plaintiff is satisfied with the responses received from the subpoenas issued to Wakeman Police Department and the Cleveland Clinic, thereby rendering Defendants' Motion to Quash moot relative Wakeman Police Department and Cleveland Clinic Police Department.

\* \* \*

Plaintiff is not seeking the personnel files from Defendants' [sic] prior law enforcement employers for the purpose of gaining access to Defendants' [sic] physical medical history. Rather, such information is being sought and is relevant to Defendants [sic] prior experience, training, discipline, reasons for termination of said employment and clearly reasonably calculated to lead to discoverable information. For instance, it is undisputed that Patrolman Hoover was terminated from his employment from the Cuyahoga County Sheriff's Department and filed a grievance against the Cuyahoga County Sheriff's Department as a result of his termination. Clearly,

such information is relevant to his fitness to perform the duties of a police officer of the Village of Newburgh Heights. In addition, Defendant Hoover filed a civil lawsuit against the Cleveland Clinic for failing to hire him after allegedly being promised a job with Cleveland Clinic Police Department. The lawsuit was filed in Cuyahoga County Common Pleas Court and was "settled". (See Copy of Docket attached hereto as Exhibit 3.)

Clearly, if the Cuyahoga County Sheriff's Department and The Cleveland Clinic Police Department either terminated or refused to hire Defendant Hoover because of his misdeeds or lack of fitness to perform the duties of a police officer, such information is relevant based on the allegations contained in Plaintiff's Complaint. Clearly, Plaintiff is not on a "fishing expedition" as contemplated by Defendant's Motion To Quash. Accordingly, Plaintiff moves this Court to overrule Defendant's Motion to Quash the Subpoenas issued seeking Defendants' [sic] personnel files related to prior law enforcement employment.[3]

Clearly, Defendant's prior law enforcement employment, training, discipline, and termination are relevant to the issues contained in this case and certainly can lead to discoverable information regarding Defendants [sic] fitness to perform the duties of a police officer. In addition, such information is clearly relevant to the allegations against the Village of Newburgh Heights regarding the negligent hiring, retention and training of Defendants. As Plaintiff has received information sought from Wakeman Police Department and the Cleveland Clinic, Defendants' Motion To Quash said subpoenas is moot.

Plaintiff respectfully requests this Honorable Court overrule Defendants' Motion to Quash with respect to the subpoenas issued upon Northeast Ohio Regional Sewer District and the Cuyahoga County Sheriff as Defendant was employed in a law enforcement capacity at those entities and was actually terminated from his employment with the Cuyahoga County Sheriff [sic] Department.

This Court is at a loss to understand the references to Cuyahoga County Sheriff's Department in plaintiff's brief. Defendants' motion made no mention of a subpoena issued to the Cuyahoga

---

[3]This blanket request to overrule the motion to quash as it pertains to the Cleveland Clinic and the Wakeman Police Department is obviously inconsistent with plaintiff's representation that all that remains at issue as regards those entities are redactions from the records that were produced to the plaintiff.

County Sheriff's Department which defendant Hoover sought to have quashed.

By the same token, in the first portion of plaintiff's brief set out above there is reference to subpoenas issued to the Wakeman Police Department, the Northeast Ohio Regional Sewer District and the Cleveland Clinic, but no mention of any subpoena to the Cuyahoga County Sheriff's Department. The first mention of the Sheriff's Department is the statement in the body of plaintiff's brief that defendant Hoover was terminated from that Department and grieved his termination.

This being so, this Court does not consider the subject of any subpoena which may have been issued to the Cuyahoga County Sheriff's Department to be presented by defendant Hoover's motion.[4]

This Court requested defendant's counsel, Mr. Calderone, to submit the redacted page of the Cleveland Clinic's records for *in camera* examination, and he did so. As it turned out the redacted page was a two page report of a psychological evaluation of Mr. Hoover conducted on February 10, 2007 "in order to determine whether he is psychologically acceptable to function as a security guard or police officer for the Cleveland Clinic." The psychologist's conclusion was "I recommend Bobby G. Hoover as psychologically acceptable to be considered for a position of security guard or police officer for the Cleveland Clinic," and this Court finds nothing in that report which would support a claim that defendant Hoover was unfit to perform duties of a police officer.

Therefore, this Court will not order the redacted two page report produced to the plaintiff.[5]

The situation as regards the Wakeman Police Department and the Northeast Ohio Regional

---

[4] If in fact such a subpoenas was issued and the Sheriff's Department has failed to respond thereto the plaintiff has recourse to deal with that failure.

[5] This Court will hold the report under seal, in the event that the plaintiff appeals this ruling. If an appeal is not taken within the allotted time it will be returned to Mr. Calderone.

Sewer District is somewhat unclear, but it appears that a redacted page from the Wakeman file is still being sought by the plaintiff and that the Northeast Ohio Regional Sewer District has made no response to the subpoena served upon it. Therefore, this Court orders the Wakeman Police Department to provide this Court a copy of the redacted material and the Northeast Ohio Regional Sewer District to provide this Court copies of all materials responsive to the subpoena served upon it, for *in camera* inspection.[6]

If this Court finds that those materials could support the plaintiff's rationale for seeking their production this Court will then consider them in light of the legal arguments advanced in the motion to quash.

If, on the other hand, this Court fails to find any relevance to the plaintiff's theory of the case, this Court will decline to order them produced on that basis.

**IT IS SO ORDERED**

                                                s/DAVID S. PERELMAN
                                                United States Magistrate Judge

DATE: January 22, 2010

---

[6] Those materials shall be delivered no later than one week from entry of this ruling.